FILED
2007 JUN -5  PM 3:53
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
    DEPUTY

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JUNG RAN LEE <br>     Plaintiff, <br> v. <br><br> JAMES N. HULL & ASSOCIATES, P.C. <br> d/b/a HULL & ASSOCIATES, PC <br><br>     Defendants | § <br> § Case No.: A07CA439 LY <br> § <br> § COMPLAINT AND JURY <br> § DEMAND <br> § <br> § |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, JUNG RAN LEE brings suit against Defendant & ASSOCIATES, PC for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (F.D.C.P.A.), the Texas debt collection act, Ch. 392 Tex. Fin. C., and for other violations.

#### A.   JURISDICTION AND VENUE.

1. The Court has federal question jurisdiction over the lawsuit because the action arises under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (F.D.C.P.A.). Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves predominant issues of federal law, the F.D.C.P.A. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202. The court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's claims state law claims Plaintiff because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

2. Venue in this District because all or a substantial part of the events or omissions giving rise to their claims occurred in Travis County, Texas.

1

3. Plaintiff is an individual who resides 404 Warm Mist Cove, Austin, Williamson County, Texas 78717-5473. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), Tex. Fin. C. § 392.001(1), and Tex. Bus. Com. C. § 17.45(4).

4. JAMES N. HULL & ASSOCIATES, P.C. d/b/a HULL & ASSOCIATES, PC is a professional corporation organized under the laws of the Texas whose principle address is 6200 Savoy Ste 440, Houston, TX 77036 It may be served through its registered agent, JAMES N. HULL 6200 Savoy Ste 440, Houston, TX 77036. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. C. § 392.001(7).

5. The Court has jurisdiction over Defendant, a nonresident. Defendant has purposefully availed itself of the privileges and benefits of conducting business in Texas by engaging in business in Texas. Defendant engaged in business in Texas by attempting to collect an alleged debt against Plaintiff in Texas in a manner that violated the F.D.C.P.A. and that constituted a tort, and said actions form the basis of this suit.

6. All conditions precedent necessary to maintain this action have been performed or have occurred.

### B. STATEMENT OF FACTS

7. On December 21, 2005 Defendant filed suit in Travis County Court at Law to collect a debt allegedly owed by Plaintiff. In the course of attempting to collect the alleged consumer debt, Defendant committed a number of debt collection violations for which Plaintiff now brings suit.

8.     Plaintiff is the victim of identity theft. She does not owe the debt upon which Defendant sued. Plaintiff did not create the debt. Plaintiff did not authorize the creation of the debt. Plaintiff received no benefit from the creation of the debt.

9.     Indeed, Plaintiff was placed on notice prior to filing suit that Defendant was the victim of identity theft for the debt that Plaintiff alleged Defendant owed. Defendant sent dunning letters to Plaintiff prior to filing the state court action demanding payment for an alleged Bank of America credit card. After receiving the first letter. Plaintiff I contacted Hull & Associates and told them that the debt was not hers, that someone else used Plaintiff's identity to obtain the card and to make the charges, or words to that effect. After Plaintiff received another letter from Hull & Associates about the same debt – but before Defendant filed its state court action -- Plaintiff contacted Defendant again and again told them that she did not use this credit card and that someone had stolen her identity, or words to that affect.

10.    Despite Defendant's actual knowledge that Plaintiff claimed the debt was the result of identity theft, Plaintiff continued to dun and then sue sued for the disputed debt in state court. Defendant then continued to prosecute its collection suit in state court for more than one and ½ half years, dropping their debt collection claim just one month prior to the setting on the trial on the merits.

11.    <u>Contacting client during litigation, bypassing her attorney</u>. Not once but twice, Defendant bypassed counsel for Plaintiff and contacted Plaintiff personally. On June 6, 2006 Defendant served on Plaintiff personally with purported discovery requests. On June 13, 2006 Defendant served Plaintiff personally a Motion for Summary Judgment.  These contacts were

made after Plaintiff, through her counsel filed an Answer and Motion to Transfer Venue on January 30, 2006; the attorney's entered into a Rule 11 Agreement transferring venue and filed it with the Court on February 7, 2006; and was served answers to discovery requests on February 7, 2006.

12. <u>Filing false affidavit with the court</u>. In the June 13, 2006 Motion for Summary Judgment counsel for Defendant filed an affidavit stating that no answers to discovery requests were received – a false statement of fact. Plaintiff argued it should be granted summary judgment because of deemed admissions. In fact Defendant was served discovery answers to the Requests for Admission on February 7, 2006.

13. <u>Misrepresenting to the court the reason it needed a motion for continuance</u>. On March 21, 2007 Plaintiff asked the court to remove the jury trial setting set for the following Monday. Essentially, this was a motion for continuance. The motion stated that the continuance was needed because of scheduling conflicts and also because, they claimed, they did not know the case was set for trial. In arguing for its motion, counsel for Plaintiff to the Court, Judge Eric Shepperd presiding, that is also needed the continuance 1) to take the deposition of Defendant; and 2) to conduct discovery on the persons Defendant asserts stole her identity and created the debt for which Plaintiff sued. In fact, Plaintiff has neither requested the deposition of Defendant or propounded discovery requests. Counsel for Defendant had never expressed a desire to take the deposition of a corporate representative. Plaintiff made representations to the Court that it knew were not true. Defendant made the misrepresentations to the court for the purpose of increasing litigation cost for Plaintiff in the underlying action and to delay resolution of the underlying action.

4

### B. COUNT # 1: Violations of the federal Fair Debt Collection Practices Act.

14. Plaintiff incorporates the above statement of facts by reference.

15. Lee brings these F.D.C.P.A. claims as a "private attorney general" acting in the in the interest of all consumers. See S. Rep. No. 382, 95th Con., 1st Sess. 5, ("The committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance.").

16. The above statement of facts are incorporated by reference and demonstrate that Defendant violated the following sections of the federal Fair Debt Collection Practices Act (the "F.D.C.P.A."): 15 U.S.C. 1692a, 1692c, 1692d, 1692e, 1692f, and 1692g. By way of example and not limitation Defendant has violated these provisions by misrepresenting the character, status, and amount of the debt; and threatening to take an act and actually taking an act prohibited by law; and by contacting a consumer that it new or should have known was represented by counsel.

### C. COUNT # 2: Violations of the Texas debt collection statute, Tex. Fin. C. § 392.001 *et seq*

17. Plaintiff incorporates the above statement of facts by reference.

18. Plaintiff violated Tex. Fin. C. § 392.001 et seq., the Texas debt collection act. Defendant has violated these provisions by misrepresenting the character, status, and amount of the debt; and threatening to take an act and actually taking an act prohibited by law; and by contacting a consumer that it new or should have known was represented by counsel.

5

19.     A prevailing consumer in a Texas debt collection action is entitled to actual damages, additional statutory damages of $100.00 in *per violation*, and mandatory attorney's fees and cost, and these are so sought. Lee also seeks a permanent injunction to prohibit Defendant from again violating the debt collection statutes.

### D.     COUNT # 3: Tort of unfair debt collection.

20.     The actions that violate the debt collection statute also constitute the tort of wrongful debt collection, which allows for the recovery of actual and punitive damages. Duty v. General Finance Company, 273 S.W.2d 64 (Tex. 1954). Exemplary and punitive damages may be recovered for this tort, and are so sought.

### E.     COUNT # 4: Equitable relief sought under the D.T.P.A.

21.     Plaintiff seeks equitable relief under the D.T.P.A., which do not require presuit notice. The equitable relief sought includes profit disgorgement, fee forfeiture, and the issuance of a permanent injunction barring Plaintiff from communicating with consumers represented by counsel and taking the other acts that form the basis of this complaint. Plaintiff need not show actual damages in order to obtain said equitable relief. Kinzbach Tool Co. v. Corbett-Wallace Corp., 160 S.W.2d 509, 514 (Tex. 1942); Watson v. Limited Partners of WCKT, Ltd., 570 S.W.2d 179, 182 (Tex. Civ. App.—Austin 1978, writ ref'd n.r.e.); Russell v. Truitt, 554 S.W.2d 948, 952 (Tex. Civ. App.—Fort Worth 1977, writ ref'd n.r.e.); see also Restatement (Second) of Agency § 399 (1958) (listing remedies).

22.     Defendant violated Texas Deceptive Trade Practices Act. Defendant committed "false, misleading, or deceptive acts or practices" within the meaning of Tex. Bus. & Com. Code

§17.46(a). Scienter is not a prerequisite for D.T.P.A. liability, although knowledge here is clear.

23.     Defendant's actions also constitute an "unconscionable action or course of action" which, to Plaintiff's detriment, took advantage of the lack of knowledge, ability, experience, or capacity of Plaintiff to a grossly unfair degree in violation of Tex. Bus. & Com. Code §17.50(a)(3).

24.     This petition serves as written notice of Plaintiff's intention to amend this petition within 60 days from receipt to add claims for economic damages. Damages are estimated as the attorney's fees incurred in defending the underlying state court action, currently estimated at $10,000.00, plus attorney's fees.

25.     Plaintiff is entitled to recover reasonable and necessary attorney fees and costs under Tex. Bus. & Com. Code §17.50(d). See Arthur Andersen & Co. v. Perry Equip. Corp., 945 S.W.2d 812, 819 (Tex. 1997). The purpose for establishing mandatory attorney's fees is to protect the ordinary consumer from false, misleading or deceptive trade practices by well-funded defendants. As such, a prevailing consumer must be awarded attorney's fees even if his claim is entirely offset by the claims of the opposing party. McKinley v. Drozd, 685 S.W.2d 7 (Tex. 1985). Moreover, attorney's fees are both mandatory and reasonable even if the fees greatly exceed the actual damages awarded to the consumer. Jack Roach Ford v. De Urdanavia, 659 S.W.2d 725 (Tex. App.—Houston [14th Dist.] 1983, no writ) ($20,000.00 in attorney's fees approved on a recovery of $500.00 in actual damages); Tate v. Wiggins, 583 S.W.2d 640 (Tex. Civ. App.--Waco 1979, no writ) ($14,500.00 in fees approved on a recovery of $1,000.00 in actual damages to one of the Plaintiff and $1,400.00 to the other); Seabury Homes, Inc. v. Burleson, 688 S.W.2d 712 (Tex. App.--Fort Worth 1985, no writ) ($15,000.00 in fees approved on a recovery of $2,000.00 in

actual damages); IFG Leasing Co. v. Ellis, 748 S.W.2d 564 (Tex. App.--Houston[14th Dist.] 1988, no writ) (an award of attorney's fees upheld even though the consumer only was awarded a certificate of title and no monetary damages.

### F.     COUNT # 5: Fraud.

26.    Plaintiff incorporates the above statement of facts by reference.

27.    Defendant made material and false representations When Defendant made the representations, it knew them to be false, or made the representations recklessly, as a positive assertion, and without knowledge of its truth. Defendant made the representations with the intent that Lee act on them. Lee in fact relied on the representations, causing her injury. See Stum v. Stum, 845 S.W.2d 407, 416 (Tex.App.--Fort Worth 1992), overruled on other grounds, Humphreys v. Meadows, 938 S.W.2d 750, 751 (Tex.App.--Fort Worth 1996, writ denied). Lee seeks exemplary and punitive damages for these acts.

### G.     COUNT # 6: Intentional misrepresentation.

28.    Plaintiff incorporates the above statement of facts by reference.

29.    Defendant made false statements of fact; made promises of future performance with an intent, at the time the promise was made, not to perform as promised; made statements of opinion based on a false statement of fact; made statements of opinion that the maker knew to be false; or made an expression of opinion that was false, while claiming or implying to have special knowledge of the subject matter of the opinion. Plaintiff relied the misrepresentations of Defendant and suffered harm. Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 524 (Tex. 1998). Lee seeks exemplary and punitive damages for these acts.

### H. COUNT # 7: Declaratory and injunctive relief.

30. Plaintiff incorporates the above statement of facts by reference.

31. Lee seeks declaratory relief that HULL committed the above violations and an injunction to prevent Plaintiff from again engaging in the conduct giving rise to these claims. C.P.R.C. § 37.004(a). Lee seeks attorney's fees and costs. C.P.R.C. § 37.009; <u>Butnaru v. Ford</u> Motor Co., 84 S.W.3d 198, 210 (Tex. 2002) (injunction issued under principles of equity). Attorney's fees are sought solely by attorney Ahmad Keshavarz, not by his co-counsel with Texas Rio Grande Legal Aid, Inc.

### I. ATTORNEY'S FEES

32. Attorney's fees and costs are sought.

### J. JURY DEMAND.

33. Lee demands a jury trial and tenders the appropriate fee with this petition.

### K. PRAYER

34. For these reasons, Lee asks for judgment against HULL & ASSOCIATES, PC for the following:

   i. The above referenced relief requested;

   ii. Statutory damages (including $1,000.00 pursuant to 15 U.S.C. § 1692k (F.D.C.P.A.) $100 per violation pursuant to Tex. Fin. C. § 392.403(e) (Texas debt collection act).);

   iii. Actual and economic damages within the jurisdictional limits of the court;

   iv. Attorney fees and costs;

9

    v.      Exemplary and punitive damages;

    vi.     Prejudgment and post-judgment interest as allowed by law;

    vii.    General relief;

    viii.   An injunction preventing the debt collector from engaging in similar unlawful conduct now and in the future;

    ix.     All other relief, in law and in equity, to which Lee may be entitled.

Respectfully submitted,

*[signature]*

Ahmad Keshavarz
Attorney for Plaintiff

State of Texas Bar Number: 24012957

The Law Office of Ahmad Keshavarz
16 Court St., Suite 2600
Brooklyn, NY 11241-1026

Phone: (512) 494-9797
Fax:   (877) 496-7809 (toll-free)
Email: ahmad@AustinConsumerAttorney.com

**RECEIVED JUN 0 5 2007 CLERK, U.S. DISTRICT COURT WESTERN DISTRICT OF TEXAS BY_____ DEPUTY CLERK**

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JUNG RAN LEE

**DEFENDANTS**
James N. Hull & Associates, P.L. d/b/a Hull & Associates, PL

(b) County of Residence of First Listed Plaintiff: Williamson County, TX
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Harris County, Texas
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Ahmad Keshavarz, Attorney at Law, 16 Court St., Suite 2600, Brooklyn, NY 11241-1026. Phone (512) 494-9797

Attorneys (If Known): **A07CA439 LY**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 1692
Brief description of cause:
Violation of Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $500,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: June 5, 2007
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO82
(Rev. 4/90)

ORIGINAL

406501

# RECEIPT FOR PAYMENT
## UNITED STATES DISTRICT COURT
### for the
### WESTERN DISTRICT OF TEXAS
at _____

RECEIVED FROM The Law Office of Almaddkeshavar
116 Court St. Suite 2600
Brooklyn, NY 11241

| ACCOUNT | AMOUNT |
|---|---|
| 086900 | 60 00 |
| | 150 00 |
| | 100 00 |
| TOTAL | 350.00 |

Case Number or Other Reference
1-07-CV-439

| Fund | |
|---|---|
| 6855XX | Deposit Funds |
| 604700 | Registry Funds |
| 508800 | General and Special Funds |
| 085000 | Immigration Fees |
| 086900 | Attorney Admission Fees |
| 322340 | Filing Fees |
| 322350 | Sale of Publications |
| 322360 | Copy Fees |
| 143500 | Miscellaneous Fees |
| 322380 | Interest |
| 322386 | Recoveries of Court Costs |
| 121000 | Restitution to U.S. Government |
| 129900 | Conscience Fund |
| 504100 | Gifts |
| 613300 | Crime Victims Fund |
| 510000 | Unclaimed Monies |
| 510100 | Civil Filing Fee (½) |
| | Registry Fee |

$ Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn.

Jieng Lee
v.
James W. Hall etc
New case

| DATE | Cash | Check | M.O. | Credit | DEPUTY CLERK |
|---|---|---|---|---|---|
| 6-5-07 | | ✓ | | | |
| 6-6-07 | | | | | |